**1. Verdict in Case of Collision Between Street Car and Vehicle not Disturbed.**

A verdict in favor of the driver of a vehicle who was injured in a collision with a street car at a street intersection, a high billboard being on the corner from which the car was approaching by coasting down a grade at a speed not less than eight or ten miles per hour, the evidence being conflicting on the question of sounding the gong, distances and speed of the car, will not be disturbed on review upon the ground of contributory negligence.

**2. Judgment not Reversed because Portions of Charge, Otherwise Proper are Unsatisfactory.**

A charge to a jury must be considered as a whole. Hence, the fact that a charge to the jury contains language which taken alone is subject to criticism, does not require a reversal of the judgment, when the charge considered as a whole was a fair and proper one.

[Syllabus by the court.]

ERROR.

*Paxton, Warrington & Seasongood* and *Robert S. Marx*, for plaintiff in error.

*Overbeck, Kattenhorn & Park* and *Jos. W. Conroy*, for defendant in error.

---

*Affirmed, no op., **Cincinnati Trac. Co. v. Danenfelser, 91 O. S. 000; 60 Bull. 184.**

Traction Co. v. Dannenfelser.

**JONES, O. B., J.**

The action below was one to recover for personal injuries suffered by plaintiff and the expenses of medical attendance, and for injuries to plaintiff's horse and wagon and its contents, caused by an electric car operated by the defendant company running westwardly on Chapel street which struck plaintiff's loaded express wagon in which he was driving northwardly on Ashland avenue across Chapel street.

Plaintiff alleged that said car was operated in a careless and negligent manner in that it was running at an unlawful and excessive rate of speed, that the gong was not sounded, and that the motorman had ample time and opportunity after observing plaintiff's horse and wagon to stop said car and prevent said collision, but failed to do so. And plaintiff pleaded his own inability by reason of defendant's negligence to avoid its consequences, and alleged that he had exercised due care and was without negligence on his part.

The answer was a general denial and a plea that plaintiff was injured by reason of his negligence and without negligence of the defendant, and that plaintiff was guilty of contributory negligence, which were denied by the reply.

The trial below resulted in a verdict in favor of plaintiff on which judgment was entered, and these proceedings were instituted in which defendant below seeks to reverse the judgment below and to have a judgment entered here for it, or if that can not be done, for a new trial.

The record discloses that Chapel street extends westwardly from Woodburn avenue, descending at a considerable grade for some 1200 or 1500 feet, being nearly straight, until it reaches Ashland avenue, where there is a considerable bend towards the south, and the street is nearly level, and after leaving Ashland avenue toward the west it has another bend and ascends a grade. Ashland avenue is the first street west of Woodburn avenue extending across Chapel street.

The motorman of the car which struck the plaintiff had turned off the power and was coasting down this grade running at a speed which he admits was not less than eight or ten miles

per hour and which some other witnesses testified was much faster. The defendant was proceeding north on Ashland avenue about to cross Chapel street. There was a high tight board fence or billboard along the east line of Ashland avenue and the south line of Chapel street at the corner.

Paintiff claims to have looked out for the car, but testified that he heard no gong or warning, and claims he did not see the car until it was too late to avoid the collision because of its speed.

The motorman testified that he saw the horse about to cross the track when his car was seventy-five feet from the crossing, but not anticipating that the driver would attempt to cross he made no effort to stop the car until he was within fifteen feet of the horse which was then on or across the track, and that he struck the wagon about the front wheel. It appears that the wagon was pushed at least ten feet beyond the west side of Ashland avenue, which was fifty feet wide, before the car was stopped. The motorman was indefinite in his testimony as to within what distance he could stop this car which was the usual open summer car type, but says that he stopped it on this occasion within a distance of about thirty feet.

The record shows the usual conflict among the witnesses in their testimony as to the speed and signals and distances.

The rules of law as to crossing a street railway track in such a case as this have been clearly laid down by our Supreme Court in the recent case of *Steubenville & Wheeling Trac. Co.* v. *Brandon,* 87 Ohio St. 187 [100 N. E. Rep. 325], in which the excellent opinion written by Judge Spear gives a full discussion. We deem it sufficient to refer to that case and the principles there laid down, and do not regard it necessary to discuss the numerous cases collected and referred to in the briefs of counsel on both sides.

This case is clearly a proper one for submission to a jury, and a careful reading of the record convinces us that its finding in favor of the plaintiff as to the negligence of the defendant is sustained by the evidence and should not be disturbed.

Numerous criticisms are made in the brief and oral argu-

Traction Co. v. Dannenfelser.

ment by counsel for plaintiff in error, of the general charge of the court, quoting short paragraphs from it, particularly in defining "the burden of proof" and also "the proximate cause." While the language quoted in the brief of plaintiff in error might be subject to criticism when taken alone, the whole charge must be read together and when so considered the charge of the court appears to be a fair and proper one. The court fails to find any error which might be regarded as prejudicial either in the general charge or in the giving or refusal to give the special charges.

Complaint is also made as to the amount of the damages. When we consider that plaintiff suffered a fractured pelvis and that his personal injuries were serious and of a somewhat permanent character, and that he suffered also property damages to his horse and wagon, we do not believe that the amount of the judgment is excessive.

A careful examination of the record fails to disclose any error which may be deemed prejudicial to the defendant, and the judgment is therefore affirmed.

**Jones, E. H., J.** concurs.

**Swing, J.,** dissents.

I think the evidence clearly shows contributory negligence on the part of defendant in error and therefore dissent from the judgment of affirmance.