Shields, J.
This action was brought in the court of common pleas by Margaret Schrock to recover damages from The Northern Ohio Traction & Light Company for injuries claimed to have been sustained by her on December 27, 1915, through the alleged carelessness and negligence of said company in the operation of one of its local interurban passenger cars — on which she had taken passage in the city of Canton at the public square in said city to ride and to be discharged from said car at what is known as Wendell Place in said city, a regular stopping place, of which she notified the conductor at the time of boarding said car and again before said car reached said Wendell Place— in this: that as she was in the act of alighting from said car at said Wendell Place after said car had stopped, and while exercising due care, said company through its agents’ and servants’ carelessness and negligence caused said car to be started forward suddenfy, whereby she was thrown violently from the steps of the rear platform of said car to the brick-paved street at said place, thereby causing her permanent injuries, to her damage in the sum of $10,000.
The defendant company answered said petition, first, denying generally the negligence charged; secondly, averring, that whatever injuries the plaintiff may have received were directly the result of *231 her own carelessness and negligence, in this, that the plaintiff carelessly and negligently and without exercising ordinary care alighted from said car while the same- was in motion, and was further negligent in stepping and alighting from said car backwardly, which careless and negligent conduct caused or directly contributed to her injuries.
A reply was filed by the plaintiff denying the negligence and contributory negligence charged.
The plaintiff recovered a verdict and judgment against said company for $2,250.
In the petition in error filed in this -court for the reversal of said judgment many grounds of error are alleged, but we will notice only such as were brought to the attention of said court in argument and which include the principal questions saved upon the record.
It was argued that the verdict of the jury in this case is against the manifest weight of the evidence. It will be conceded that if a reviewing court was clothed with the prerogative of a jury in passing upon the facts as they appear of record here, where the court has not the opportunity of seeing or hearing the witnesses as they testified upon the witness stand, and where the judgment of the court is based alone upon what the typewritten record contains, there might be some hesitancy in reaching a conclusion that the jury had done full justice to such evidence, under the instructions given by the trial court. In thus speaking we have special reference to the number of witnesses testifying to what they observed immediately before the defendant in error received her injuries. But, as is well known, the number of witnesses to a fact, or to *232 a given state of facts, does not necessarily control the action of juries or determine the rights of parties. Juries are not only the judges of the credibility of witnesses, but of the weight to be given to the evidence as well. Applying this rule of law, how does the case stand? The defendant in error here testifies that when she boarded the car in question she notified the conductor that she desired to get off at Wendell Place; that when the conductor took her ticket she again notified him that she desired to get off at said place; that just before said car reached said place the conductor announced Wendell Place, when she arose from her seat in said car and walked back toward the rear door of said car and before reaching said door said car stopped; that she continued her way out of said car on the rear platform to get off said car, and taking hold of the handrail on the right she attempted to descend the steps of said car, and while in the act of stepping on the second and last step said car suddenly started and threw her violently off said car and onto the hard brick-paved street, whereby she sustained severe if not permanent injuries. That she boarded said car, that she told the conductor where she desired to get off said car, that she rose in her seat and walked toward the rear door of said car upon the announcement made by the conductor that Wendell Place was about to be reached, that said car did stop at Wendell Place, and that she attempted to alight from said car at that place by descending the steps thereof and was seriously injured, seem to be uncontradicted, the only question in controversy being as to whether or not she descended, or attempted to descend, said *233 car steps and alight from the car after the same started and when the same was in motion. As stated, she testified that the car was at a standstill when she attempted to alight, while several witnesses for the defendant below testified otherwise. Before argument, written requests were submitted to the trial court to give in charge to the jury the following special instructions, which were so given:
“If you find from the evidence that the sole cause ■ of plaintiff receiving her injuries was her stepping from the car while in motion, if you so find, then I will say to you that this verdict should be for the defendant.
“If you find from the evidence that the plaintiff and defendant were both negligent and the joint negligence of both directly caused plaintiff’s injuries, then the plaintiff can not recover and this verdict should be for the defendant.
“Plaintiff can not recover herein if she was negligent in alighting from said car while the same was in motion, if you so find, and such negligence was the direct and approximate cause of her injuries.”
Under these instructions, with the right resting in the jury to pass upon the disputed facts of the case under the evidence of witnesses testifying before them, was not the determination of such facts a finality? We are aware that the action of a jury may be so clearly against the weight of the evidence as to require that such action be set aside, but it is always proper to inquire into the reasonableness of the history of the facts in question, and this should not be lost sight of in the final analysis of *234 the case on review where such error is alleged as a ground for reversal. While the plaintiff appears to have given a natural and reasonable narration of the facts of this occurrence, and while we in no wise wish to be understood as discrediting the testimony of other witnesses testifying in the case, we think the solution of the facts in the case properly rested with the jury. Sharing this view, the contention of the plaintiff in error under this specification of error can not be upheld.
It was also argued that the trial court erred in its charge to the jury, and that because of such alleged error the verdict and judgment in this case should be set aside. On the degree of care due a passenger when aboard and riding on one of the defendant company’s cars, there seems to be no dispute between counsel for the respective parties hereto, but the controversy seems to arise over the relative rights of such passenger and carrier in the manner -such passenger may be let off and discharged from such car at one of the regular stops along the line of the carrier. This question has already been before and passed upon by the courts of this state. Wilson v. C., N. & Z. Elec. Ry. Co., 9 O. L. R., 594, affirmed, without opinion, 79 Ohio St., 435; Ohio Elec. Ry. Co. v. Vaughan, 24 C. C., N. S., 298, and Stark Electric Ry. v. Fording, not reported.
Application was made in each of the last two cases for an order requiring the court of appeals to certify, both of which were overruled by the supreme court. Again, the same doctrine enunciated in said case is laid down in 3 Thompson on Negligence, Sections 3519 and 3520, as follows:
*235 “It is the duty of the conductor, before starting the car, to see and know that no passenger is in the act of alighting or is otherwise in a position which would be rendered perilous by the starting of. the car.
“The high degree of care which the law puts upon the carrier of passengers is not fulfilled in the case of a street railway carrier, unless its servants, before putting a car in.motion, see and know that all passengers in the act of alighting have succeeded in doing so in safety, and that no passenger is in such a situation as would be put in peril by the starting car.
“It is not enough that a reasonable time was given to allow passengers to alight; the carrier has no right to put his vehicle in motion and imperil lives and limbs, although they may have taken unreasonable time.”
As was said in the Vaughan case, supra, at page 303:
“The view we .entertain of the obligation of the defendant company, under the circumstances detailed in the testimony in the case before us, is that in discharging passengers from cars at regular stopping places, they should be allowed not only a reasonable time to alight therefrom, but the duty rests upon the conductor or other employe having charge of such cars to look to it that such passengers are safely discharged before starting the car in motion again, and if such passengers are in the act of alighting and are exposed to danger, such duty becomes more apparent.”
Applying the rule laid down to the case at bar, does the evidence for the plaintiff in error as given *236 on. the trial meet the requirements of this rule? Conceding that which is claimed for the evidence on behalf of the plaintiff in error, and without here stopping to rehearse it, we think that it fails to show that the conductor and motorman in charge of the car in question, on the day and at the place named, exercised such a degree of care toward the defendant in error at the time she started to leave said car and alight therefrom as the law as herein-before indicated requires.
But aside from this, the plaintiff in error claims that the trial court erred in charging the jury, especially in that part of said charge wherein said court undertakes “to summarize,” as the same appears on page 502 of the record. If this was the only instruction as applied to the conduct of defendant in error when alighting or attempting to alight from said car, we would be disposed to agree with the contention of counsel, but, by referring to page 500 of the record, we find that said court did specially instruct the jury as to the degree of care to be exercised by the defendant in error when alighting or attempting to alight from said car, in the language following:
“Plaintiff was under legal obligation to use ordinary care to preserve herself from bodily harm and injury while a passenger on the defendant’s car and while alighting therefrom; if she was negligent in the performance of this duty and if such negligence of hers either directly and proximately of itself caused her fall and injuries, or in conjunction with defendant’s negligence, as hereafter explained, helped or contributed, directly and proximately, in causing her fall and injuries, then plain *237 tiff is not entitled to recover and your verdict should be for defendant.”
True, as counsel contend, said court omitted to call the attention of the jury to the degree of care to be exercised by the defendant in error when she alighted or attempted to alight from said car in the “summary” referred to, but said charge to the jury is to be considered as a whole. As was held in the case of Hollenden Hotel Co. v. Jackson, Admx., 22 C. C., N. S., 485 (affirmed, without opinion, 78 Ohio St., 440):
“A charge to a jury is to be construed as a whole, and if, construing the whole charge, the law of the case appear to have been correctly given to the jury, and in a way that will reasonably enable them to understand the rules of law which they are to apply to the evidence before them, the charge will not be held erroneous simply because every condition to a recovery or a defense is not embraced in each paragraph, and the paragraph excepted to is not in itself calculated to mislead.”
See also Cincinnati Traction Co. v. Dannenfelser, 3 Ohio App., 220, 20 C. C., N. S., 553.
As already stated, while the part of said charge referred to by counsel for plaintiff in error might be subject to criticism when taken alone, the whole charge must be read together, and. when so considered said charge appears to contain a fair and correct statement of the law as applied to the facts of the case. The court therefore fails to find any error in said charge prejudicial to the plaintiff in error, or in giving to the jury certain special instructions in the several written requests made on behalf of the plaintiff below before argument, or *238 in the refusal to give certain special instructions requested in writing to be given to the jury by the court on behalf of the defendant below before argument.
Other errors are alleged in said petition in error, all of which we have examined, and on such examination we find no such error in the record prejudicial to the rights of the plaintiff in error as to require a reversal of the judgment below, and it therefore follows that the judgment of the court of common pleas will be affirmed and said cause will be remanded for execution.

Judgment affirmed.

Powell and Houcic, JJ., concur.