### CAMPBELL v KOERNER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14574. Decided July 6, 1935

L. D. Miller, for plaintiff in error.
Maurer, Bolton & Rees, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER and McCURDY, JJ, (4th Dist) sitting by designation.

## OPINION

By McCURDY, J.

A careful examination of the record discloses that there was ample evidence relative to the driver of the car being the agent of the owner. We are so much impressed by the direct testimony and the circumstances surrounding the case, together with the acts of the parties themselves at the time of the accident which are so clearly set forth in the record, that we do not believe it necessary to comment further thereon.

During the trial the court permitted testimony relative to the defendant below being insured, the purpose of which was to bring to the attention of the jury the acts of the owner of the car immediately after the accident in handing to the plaintiff below cards, one of which was the card of the insurance company, for whatever bearing it might have had on the question of agency. While the jury should have been cautioned at the time this evidence was given concerning the extent to which they might consider it, yet this failure could in no way be prejudicial since at the conclusion of the court's charge the following instruction appears:

"There was something about insurance from which you would conclude that this car may or may not have been insured against some kind of damages. Now, the question of whether or not this car was insured or whether or not an insurance company has to respond is not a proper item for you to consider. The evidence introduced pertaining to the actions of the defendant in offering an insurance card so-called, was introduced merely for one purpose and that was to determine whether or not Mrs. Campbell was the superior and her daughter the agent, and discharge from your minds absolutely the fact that there might be an insurance company that would have to respond in any verdict that you might render because that is totally alien to this case and to your consideration of the evidence. You can consider the evidence offered of the actions in offering this card and such to determine only whether or not Mrs. Campbell was the principal and superior to the daughter in this case."

This instruction was given to the jury at the end of the court's charge and they entered upon their consideration of the case with this proposition fresh in their minds, so that the charge of the court effectively removed all possibility of prejudicial error arising from the admission of the testimony in question.

A careful examination of the record relative to the admission of evidence and exhibits fails to disclose any prejudicial error arising therefrom as claimed by the plaintiff in error.

We have examined the charge of the court carefully and find that that part of it complained of by plaintiff in error must be considered in connection with the entire

charge given by the court in order to ascertain the full effect thereof. It is not proper that it should be separated from the context when some meaning might be ascribed to it which when read together with the entire charge would not be justified. When the part complained of is considered with the the charge in its entirety, we do not believe that the position taken by counsel for the plaintiff in error has any merit.

Since there was sufficient evidence for the submission of this case to the jury and likewise ample evidence to sustain this verdict and no error prejudicial to plaintiff in error is disclosed by the record, the judgment of the Common Pleas Court is affirmed.

Judgment affirmed.

MIDDLETON, PJ, and BLOSSER, J, concur.