PETER PARKERT, JR., ET AL., APPELLANTS, V. DEPARTMENT OF PUBLIC WORKS ET AL., APPELLEES.

FILED JUNE 26, 1936. No. 29687.

*Abbott, Dunlap & Corbett,* for appellants.

William H. Wright, Attorney General, Paul P. Chaney, Lester A. Danielson, Franklin Pierce and H. A. Gunderson, contra.

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and KROGER and IRWIN, District Judges.

KROGER, District Judge.

Appellee in this case commenced a condemnation proceeding in the county court of Dodge county to take certain land of the appellants for a federal-state highway. From the award of the appraisers an appeal was taken to the district court where a jury returned a verdict in the sum of $1,740.50 against the appellee. From the overruling of their separate motions for a new trial, the appellants bring the case to this court for review.

The record shows that appellants are the owners of the southwest quarter of section 13, township 19, range 7, in Dodge county, Nebraska, subject to the right of way of the Chicago & Northwestern Railway Company, being approximately 153.82 acres after deducting the right of way; that said farm is improved with an exceptionally fine dwelling, but that practically all of the other improvements, such as barns, sheds, etc., are on another tract of land lying immediately south of the tract in question; that the right of way of the Chicago & Northwestern Railway Company crosses said land from east to west in such a manner as to leave approximately 50 acres on the north side of said right of way and the remainder on the south side thereof. The record also shows that federal-state highway No. 8 formerly ran along the south side of the southwest quarter of said section 13 and that in April, 1934, it was relocated across that part of the land lying immediately south of the Chicago & Northwestern Railway Company's right of way and, in the relocation and construction of said highway, 5.1 acres of appellants' land was appropriated for right of way proper and 3.8 acres for borrow-pits, making a total of 8.9 acres that were taken. Appellants asked damages for the value of the land taken,

for the cost of constructing and maintaining a fence along said highway and for general damages to the whole of their farm. Appellee disputed the value which appellants put upon their land, and contended that the remainder of appellants' farm was not injured by the construction of the new highway, but, on the contrary, that it was benefited in that it gave appellants better drainage for their farm.

Appellants assign numerous errors as grounds for reversal, but these may be summarized as: (1) Misconduct of the jury in their deliberations; (2) misconduct of the attorney for appellee in his argument to the jury; and (3) the verdict is not sustained by sufficient evidence.

In support of their claim that there was misconduct of the jury in their deliberations, appellants filed affidavits from eight of the jurors. These affidavits are practically identical in form and substance and set out that, in fixing the amount of damages and in awarding damages, the jury made no allowance of general damages to the remainder of said land by reason of the land actually taken for highway purposes, and that in deliberating on said question various matters were stated and argued, not covered by the testimony, and that at least two of the jurors made statements as to their prior knowledge of the land and its character.

We have carefully examined the record and conclude that many of the things complained of were merely idle gossip that had no bearing on the issues of the case and could not have had any influence on the final results. Others were matters of opinion that are legitimate deductions which the jurors could draw from the evidence introduced. As to the charge that two of the jurors, during the deliberations, stated that they had known appellants' land for a long time and knew of their own personal knowledge that part of the land appropriated for said highway had bad drainage sometime or immediately prior to the construction of said highway and in the past had been a swamp, it is sufficient to say that appellant Peter Parkert, Jr., while testifying in his own behalf, stated

that a part of the land occupied by the roadway and borrow-pits was low land, and that at one time had a horseshoe swamp thereon, and that, within the period of three years immediately preceding the trial of this case, there had been times when it had been difficult to carry on farming operations on a portion thereof, but contended that this condition had been largely corrected by the construction and lowering of a culvert in the railroad right of way some four years prior to the trial of this case. Since the facts stated by the jurors, of which they claimed to have had personal knowledge, were not in dispute, the conduct of the jurors in stating such facts, while improper, was not prejudicial to the appellants. See *Douglas v. Smith,* 75 Neb. 169, 106 N. W. 173.

It is next contended that there was misconduct on the part of appellee's attorney in the argument of the case. It appears that during his argument appellee's attorney quoted a portion of an opinion of this court in a case involving facts similar to those in the case at bar, and it is claimed that the portion quoted was misleading and prejudicial to appellants' case. This feature of the case is presented to this court by affidavits in the bill of exceptions. There was no record made at the time, but the affidavits were filed in support of the motion for new trial. So far as the record shows, appellants' counsel made no objection to the conduct of the appellee's attorney at the time of the trial. In this state of the record, this objection is disposed of by the case of *Kriss v. Union P. R. Co.,* 100 Neb. 801, 161 N. W. 414, where this court held that counsel cannot remain quiet and seemingly acquiesce in remarks of opposing counsel in his argument to the jury, and after verdict obtain a reversal because of matter not objected to at the time.

And, finally, it is contended that the verdict of the jury is not supported by the evidence. This court has held that there are two elements of damage involved in a case of this character: First, the market value of the land actually appropriated; and, second, damages suffered by diminution

in the value of the remainder of the land, less any special benefits received. *Regouby v. Dawson County Irrigation Co.,* 126 Neb. 711, 254 N. W. 389. The evidence as to the value of the land appropriated, as well as to the damages suffered by the remainder of the land, was in conflict, appellants' witnesses placing the value of the land at between $175 and $250 an acre and damages to the remainder at from $25 to $35 an acre, while appellee's witnesses placed the value of the land appropriated at between $100 and $175 an acre and the damages to the remainder as being offset by special benefits received. It is apparent that the principal difficulty of the witnesses in agreeing upon a value of the land arises from the fact that the improvements on the property are exceptional and were constructed at a cost of over $30,000. From a careful examination of all of the testimony, it cannot be said that there was not sufficient competent evidence on which the verdict of the jury was based, and, under the numerous holdings of this court under such circumstances, the verdict of the jury will not be disturbed, unless clearly wrong.

No prejudicial error having been found in the record, the judgment of the trial court is

AFFIRMED.