Zimmerman, J.
 

 This action was brought by Emma Fries in the Court of Common Pleas of Hamilton county, she claiming damages for personal injuries ; alleged to have been directly caused by the negligence of The Cincinnati Street Bailway Company. The petition was met by a general denial.
 

 Mrs. Fries, a woman in her early seventies, alleged and offered testimony to prove that on the evening of September 2, 1938, she was a passenger on one of the defendant’s electric streetcars, and that as she was in the process of leaving the car by the front aperture, at the corner of McMillan and Vine streets, in the city of Cincinnati, the motorman closed the folding door
 
 *538
 
 on the third finger of her left hand, crushing it so badly as to require the amputation of the distal one-third of the terminal phalanx.
 

 Mrs. Fries, her daughter and grandson were witnesses to her misfortune. None of them succeeded in explaining precisely how the injury occurred, except all agreed it happened while Mrs. Fries was
 
 getting off
 
 the car, with her hand resting on some part of the door, and that she then exclaimed over her predicament.
 

 Defendant offered the testimony of two women passengers. One of them said, “* * * three people left the car.” “They went down on the step
 
 * * *
 
 stepping off to the loading platform.” “I heard the screaming.” “To my knowledge” nobody was standing in the door.
 

 The other stated, “Well, I heard a lady scream, and I looked and I saw the two ladies standing on the loading platform, and I just saw the older lady, jerked her hand, blood coming from her hand.”
 

 The motorman testified, “Well, all I know about it is the passengers were getting off the car. After they were all off, the lady came back and showed me her finger, said she had caught or cut her finger. She was on the platform. She stuck her finger in the door and showed me where her finger was bleeding.” He did not recall hearing anyone cry out while leaving the car.
 

 Additional evidence introduced by the defendant was to the effect that the folding door in question, approximately two and one-half feet wide, was operated by a hand lever in control of the motorman; and that the door was divided in the middle, was rubber cushioned and, as one faced it from the inside, folded inwardly from right to left. Other evidence tended to prove that the only way a person could have his fingers pinched would be by placing them in the crack where the door was hinged to the body of the car at the front end, and that it would be impossible to close the edge of the door
 
 *539
 
 on the fingers until the person had removed his body from the door opening.
 

 At the close of plaintiff’s case in chief, the jury was taken to view the streetcar, upon application of the defendant and under proper instructions from the court.
 

 Although contributory negligence was not pleaded, the court gave defendant’s special charge on that subject and also included contributory negligence as an element in the general charge. The jury returned a general verdict for the defendant, judgment was entered thereon and, on appeal to the Court of Appeals, such judgment was affirmed.
 

 The error urged by Mrs. Fries, the appellant, is that she was prejudiced by the injection of contributory negligence into the case.
 

 From the evidence of the defendant as contained in the bill of exceptions, it is argued by counsel for the railway company that Mrs. Fries was certainly on the loading platform outside the streetcar when the injury occurred, that the one place where it would have been possible for her to have caught her finger was the crevice between the door and the door frame at the front of the car, near which there was a convenient projecting handle, that the danger of placing the fingers in such an opening should have been apparent, and that the peculiar position of her hand was not discernible by the motorman from his station and was so unusual that it could not reasonably have been anticipated by him.
 

 These are valid deductions based on the defendant’s evidence, and we now believe justified the giving of a charge on the subject of contributory negligence, the defendant’s negligence, if any, as the sole proximate cause of the harm, also being before the jury for determination.
 

 Certain propositions are elementary. While it is recognized that a common carrier owes the highest degree of care to its passengers, it is not an insurer of
 
 *540
 
 their safety. And ‘ ‘ even though the pleadings do not raise the question of contributory negligence, if it becomes an issue in a case by virtue of the evidence, it then becomes the duty of the court, regardless of the pleadings, to charge on'that issue * * V’ 29 Ohio Jurisprudence, 785, Section 234.
 

 Finding the judgment of the Court of Appeals without error, this court affirms the same.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams, Matthias and Hart, JJ., concur.
 

 Turnee and Bettman, JJ., dissent.