SNYDER, APPELLANT, *v.* STANFORD, APPELLEE.

[Cite as Snyder v. Stanford, 15 Ohio St. 2d 31.]

(No. 41232—Decided June 19, 1968.)

*Messrs. Metzenbaum, Gaines, Krupansky, Finley &*
*Stern, Mr. Samuel T. Gaines, Mr. Harold H. Sayre* and *Mr.*
*M. L. Jacobs,* for appellant.
*Messrs. Weston, Hurd, Fallon, Sullivan & Paisley* and
*Mr. Frank Seth Hurd,* for appellee.

O'NEILL, J. The principal ground upon which the appellant relies for reversal is the alleged misconduct of the appellee's counsel in his opening statement and closing argument to the jury.

The cause of the fire which injured the appellant was disputed throughout the trial. The appellant contends that the appellee's counsel, in his opening statement and clos-

ing arguments knowingly and wilfully made statements with reference to the cause of the fire, which statements were based on inadmissible evidence, and that these statements prejudiced the jury against the appellant. That portion of the opening statement of counsel for the appellee, upon which the appellant relies for her position, reads as follows:

"The fire was put out. The fire department officials were there. They made an examination of the premises, as they do in any fire, interested in determining the cause of the fire. They observed what could be observed as to the electrical system, the wires, of course, which had been burned, along with everything else, with the insulation burned off, and so on. And the evidence will be that, in the considered opinion of the fire department, the cause of this fire was careless smoking."

That portion of the closing argument made by counsel for the appellee, upon which the appellant bases her position, reads as follows:

"There was an investigation of this fire. An investigation was conducted by the fire department. They weren't allowed to tell you their opinion, and I am not allowed to mention it or tell you what it is either; but they had an opinion as to what caused the fire. There was an investigation made of this."

This paragraph refers to an investigation conducted by the fire department officials after the fire was over. Two fire officials testified, one a battalion chief in the Cleveland Fire Department, and the other a lieutenant of the Cleveland Fire Prevention Bureau, Division of Fire. The battalion chief testified that he responded to the fire alarm and that he was on duty, as battalion chief, at the fire. He testified, without objection, that when a fire has been extinguished he tries "to determine the cause of the fire and—." By reason of objection of counsel for appellant he was permitted only to answer a few questions concerning his investigation of this fire, although he was asked:

"Q. All right. Now—in due deference to his Honor —based upon your experience of 31 years of fighting fires

and investigating fires, and based upon the observations that you made at the scene of this fire, do you have an opinion as to the probable cause of the fire?"

Appellant's counsel objected to this question and the court sustained the objection, but permitted appellee's counsel to proffer the following answer: "Will you have the record show that the witness, if permitted to answer, would say that he did have an opinion; and if asked for his opinion, would have answered, 'careless smoking.'"

Likewise, the lieutenant of the Fire Prevention Bureau testified concerning his investigation of the premises where the fire in the instant action occurred, but was not permitted, by reason of objection of appellant's counsel, to answer the following question:

"Q. Now, I would like to ask you, based upon your experience with the Fire Prevention Bureau and your observations and inspections at the scene of this fire on the 29th day of July, 1960, do you have an opinion as to what was the cause, the most probable cause of the fire in this instance?"

Appellant's objection to the question was sustained and appellee's counsel proffered the answer:

"(* * * Thereupon the following was dictated to the reporter by Mr. Hurd:) Let the record show that if the witness were permitted to answer, he would have said that he had an opinion; and if asked further what his opinion would be, would have stated that in his opinion the most probable cause of the fire was careless smoking."

The question which this court must determine is whether the statements made by appellee's counsel, in his opening statement and his closing argument to the jury, constitute misconduct which is prejudicial error requiring a reversal of the judgment.

Counsel for appellant did not make any objection to the opening statement nor to the closing argument.

This court, in paragraph two of the syllabus of *Maggio v. Cleveland* (1949), 151 Ohio St. 136, 84 N. E. 2d 912, held:

"Counsel should be accorded wide latitude by the trial court in making his opening statement, but when he deliberately attempts to influence and sway the jury by a re-

cital of matters foreign to the case, which matters he knows or ought to know cannot be shown by competent or admissible evidence * * * it may constitute the basis for ordering a new trial or for reversal by a reviewing court of a judgment favorable to the party represented by such counsel." See *Plas* v. *Holmes Construction Co.* (1952), 157 Ohio St. 95, 104 N. E. 2d 689; *Ohio Turnpike Commission* v. *Ellis* (1955), 164 Ohio St. 377, 131 N. E. 2d 397, appeal dismissed, 352 U. S. 806, 1 L. Ed. 2d 39, 77 S. Ct. 200.

In the instant case, however, assuming the statements of appellee's counsel were objectionable, appellant failed, at the time the statements were made, to object or otherwise apprise the court of the allegedly prejudicial effect of the comments so that any curative action warranted could have been taken by the trial court. Having failed to make proper and timely objections, appellant is precluded from relying on the alleged misconduct of opposing counsel as a basis for reversal of the judgment. *Walsh* v. *J. R. Thomas' Sons* (1915), 91 Ohio St. 210, 110 N. E. 454; *Byrd* v. *Baltimore & Ohio Rd. Co.* (1966), 10 Ohio App. 2d 187, 227 N. E. 2d 252; *Yerrick* v. *East Ohio Gas Co.* (1964), 119 Ohio App. 220, 198 N. E. 2d 472; *Gulf, Colorado & Santa Fe Ry. Co.* v. *Giun* (1938), 131 Tex. 548, 116 S. W. 2d 693; *Parkert* v. *Dept. of Public Works* (1936), 131 Neb. 346, 267 N. W. 925; *Cleveland, Cincinnati, Columbus & St. Louis Ry. Co.* v. *Hadley* (1907), 170 Ind. 204, 82 N. E. 1025. See *Hayes* v. *Smith* (1900), 62 Ohio St. 161, 56 N. E. 879; 1 Wigmore, Evidence (3 Ed. 1940), Section 18; McCormick, Evidence (1964), Section 52.

In *Walsh* v. *J. R. Thomas' Sons, supra,* this court said, at pages 217 and 218:

"The argument of counsel in this connection was wholly improper and beyond the field of legitimate argument. * * * An examination of the record, however, will disclose that opposing counsel did not make any objection at that time. * * * In view of the fact that the court's attention was not directed at the time to the improper remarks, so that the court might take proper action thereon, this question is not available to plaintiff in error."

Appellant urges that his failure to object is dis-

positive of the issue because the trial court, *sua sponte,* should have intervened.

In support of this proposition appellant relies on *Hayes* v. *Smith, supra.* In the *Hayes case,* however, objection by counsel was made at the time of the improper statements. As a result the court concluded that "the defendants * * * did not waive any of their rights; and * * * the defendants had done all that they decently could do to obtain action by the court, and cannot be prejudiced by its failure or refusal to act." (62 Ohio St. at page 188, 56 N. E. at page 884.) Nevertheless, the court, at page 187, in dicta, quoted with approval the case of *Jenkins* v. *North Carolina Ore Dressing Co.* (1871), 65 N. C. 563, wherein the court said that "it may be laid down as law, and not merely discretionary, that when counsel grossly abuses his privilege to the manifest prejudice of the opposing party, it is the duty of the judge to stop him then and there. If he fails to do so, and the impropriety is gross, it is good grounds for a new trial." 65 N. C. at 564-565 (dictum).

Even though the *Hayes case* is not dispositive as appellant suggests, a line of Ohio cases does support the proposition of law urged by appellant. In *Jones* v. *Macedonia-Northfield Banking Co.* (1937), 132 Ohio St. 341, 7 N. E. 2d 544, this court held in the third paragraph of the syllabus:

"Argument to the jury, in which counsel charges opposing parties with framing or fixing up their defense by perjury arranged for or suborned, is improper unless there is evidence warranting the course pursued; and where counsel *grossly abuses his privilege by persisting in making such unfounded charges to the manifest prejudice of opposing parties, it is the duty of the court* to interfere, admonish offending counsel and instruct the jury to disregard the improper utterances, and a failure to do so is ground for a new trial." (Emphasis added.) See *Plas* v. *Holmes Construction Co., supra* (dictum); *Cleveland, Painesville & Eastern Rd. Co.* v. *Pritschau* (1904), 69 Ohio St. 438, 69 N. E. 663; *Cincinnati Traction Co.* v. *McKim* (1920), 13 Ohio App. 108.

The appellant correctly asserts that, under proper circumstances, a trial court is bound, *sua sponte,* to admonish counsel and take curative action to nullify the prejudicial effect of counsel's conduct.

Where *gross* and *abusive* conduct occurs, the trial court is *bound, sua sponte, to correct the prejudicial effect of counsel's misconduct. The trial court in the instant case was not under the kind of duty appellant asserts. The challenged statements were not so flagrant, within the reasoning of Jones* v. *Macedonia-Northfield Banking Co., supra, as to require the trial court to intervene sua sponte.*

Counsel for appellant could have objected to the language in the opening statement, which would have given the trial court the opportunity to rule on the question at the very beginning of the trial, and, had there been a ruling adverse to the appellant, this could have formed a basis for an appeal. Appellant's counsel could have objected to the language in the closing argument, about which he now complains, at the time it was uttered or at the conclusion of the closing statement, and an adverse ruling upon that objection would have created the issue upon which to base an appeal. Appellant asserts that to have objected would have called to the attention of the jury, and emphasized for the jury, the language to which the appellant objected and that a favorable ruling by the trial judge, coupled with an admonition to the jury that it should disregard these statements to which the appellant objected, would not have cured the prejudice which resulted to the appellant in the minds of the jurors.

However, there were other avenues open to appellant's counsel. He could have requested that the jury be temporarily dismissed and moved for a mistrial out of hearing of the jury, or, without asking for dismissal of the jury, he could have inserted in the record, out of hearing of the jury, his objection to the statements in the closing argument. He could have approached the bench with opposing counsel and stated his position to the court, and thus given the court opportunity to ask opposing counsel to withdraw his statement or to consider a motion for mistrial, or to

consider whether he should admonish the jury concerning the statement of appellee's counsel.

Instead of pursuing any of these courses, appellant's counsel remained silent. After the conclusion of the closing arguments, the trial judge delivered his charge to the jury and upon conclusion of that charge the judge stated:

"Are there any suggestions, corrections or changes, gentlemen?

"Mr. plaintiff's attorney?

"Mr. Gaines: Plaintiff has none to offer the court.

"The Court: Mr. Counsel?

"Mr. Hurd: None, your Honor."

Appellant's counsel, having made no objection to the opening statement of appellee's counsel, or to any statement in his closing argument, and at the conclusion of the judge's charge stated to the judge that he had no suggestions, corrections or changes, can not now complain about these statements which, though erroneous, are neither gross, abusive nor of such a nature as to require the trial judge to intervene *sua sponte* in the trial of the case, although it might have been proper had the judge chosen to do so.

Since the appellant's counsel did not see fit to pursue any one of the number of options open to him, by which he could have protected his client's rights and at the same time given the judge the opportunity to correctly rule and instruct the jury, appellant's counsel waived those rights. Appellant's counsel cannot now seek a reversal of an adverse judgment upon any of the grounds which he waived. To permit appellant's counsel to do this would require the expenditure of time and money for a new trial which would be an unfair imposition upon the court and the appellee. See *Golamb* v. *Layton* (1950), 154 Ohio St. 305, 95 N. E. 2d 681.

In an adversary system of administration of justice, primary responsibility must be placed upon counsel to apprise the court of alleged misconduct of opposing counsel.

The second question which this court must determine

is: Was there prejudicial error resulting from the trial court's charge on the issue of contributory negligence?

The appellant contends that the trial court's instruction on contributory negligence is erroneous and a ground for a new trial.

This contention raises three issues: (1) Was contributory negligence properly in issue at the trial? (2) Was the trial court's instruction on that issue so confusing, ambiguous and misleading to the jury as to constitute prejudicial error requiring reversal? (3) Did the trial court's instruction impose upon the appellant a greater burden of proof concerning contributory negligence than is required by law?

The appellant objects to the following portion of the court's charge:

"Coming now to the building code ordinance of this city offered and read to you, you have heard evidence and you will determine, based on this evidence, whether there was that degree or amount of work performed by the repairman which would place this particular work within the provisions or requirements of the city ordinance, or was it only that amount of repair work not within the extent required for city supervision under the ordinance.

"It is for you to determine, based on all the evidence, whether the volume of work performed comes within the provisions of the ordinance and failure to do so, provided this was the proximate cause of the injury to the plaintiff and she was without fault, would require your finding for the plaintiff against the defendant.

"If, however, it was such minor repair work not contemplated by the city ordinance, the question still arises as to whether or not such work was negligently performed and whether this was the proximate cause of the injuries to plaintiff and that she was without fault.

"Coming now to the question of ordinary care for her own safety, ask yourselves did she act as a reasonably prudent person would have acted at said time and place to save herself harmless of injuries or aggravation thereof.

"Ask yourselves whether an emergency was created, and determine whether the action of this plaintiff was that of a prudent and careful person under the circumstances at said time and place.

"An emergency arises when there is a sudden or unexpected occurrence or combination of occurrences without one's fault which demand prompt attention. The general rule is that one who, in a sudden emergency, acts according to his best or her best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner is not chargeable with negligence.

"A person confronted with a sudden emergency is required only to use that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances. He or she is not held to exercise the same quality of care and cautious conduct that a prudent person would have exercised when no such peril or danger is apparent. In other words, she is not held to exercise such good judgment as might be required where opportunity existed for election and choice of action.

"Ask yourselves, in the final analysis, whether under all of the circumstances she acted as a reasonable and prudent person for her own safety and whether a lack thereof proximately caused or proximately contributed to the aggravation of her injuries."

Appellee's answer did not raise the issue of contributory negligence. Nevertheless, if the evidence adduced at the trial raises this issue, it is reversible error for the trial court not to instruct on contributory negligence, even though the appellee did not put it in issue by his answer. *Fries* v. *Cincinnati Street Ry. Co.* (1941), 138 Ohio St. 537, 37 N. E. 2d 193; *Cincinnati Traction Co.* v. *Young* (1926), 115 Ohio St. 160, 152 N. E. 666; see *Centrello* v. *Basky* (1955), 164 Ohio St. 41, 128 N. E. 2d 80; *Behm* v. *Cincinnati, Dayton & Toledo Traction Co.* (1912), 86 Ohio St. 209, 99 N. E. 383. Thus, the trial court, in the instant case, was required to charge on the issue of contributory negligence

if that issue was developed by the evidence presented at trial.

An examination of the record in the instant case discloses that there was evidence of contributory negligence. Such evidence involved appellant's drinking and smoking prior to the fire, as well as appellant's conduct after her mother discovered the fire. Accordingly, the trial court did not err in charging on the issue of contributory negligence.

The resolution of the issue of whether prejudicial error resulted because the instruction given is so confusing and ambiguous as to mislead the jury turns on a subjective interpretation, by a reviewing court, of the language of the general charge. This court said in *State* v. *Porter* (1968), 14 Ohio St. 2d 10, 13, 235 N. E. 2d 520, that "reversible error ordinarily can not be predicated upon one paragraph, one sentence or one phrase of the general charge. * * * If the general charge, considered as a whole, is not prejudicial to the objecting party, no reversible error results from a misstatement or ambiguity in a portion thereof." See *Centrello* v. *Basky, supra*; *Flynn* v. *Sharon Steel Corp.* (1943), 142 Ohio St. 145, 50 N. E. 2d 319; *State* v. *Huffman* (1936), 131 Ohio St. 27, 1 N. E. 2d 313; *Ochsner* v. *Cincinnati Traction Co.* (1923), 107 Ohio St. 33, 140 N. E. 644; *Campbell* v. *Koerner* (App. 1935), 20 Ohio Law Abs. 441; *Cincinnati Traction Co.* v. *Dannenfelser* (1914), 3 Ohio App. 220, 20 C. C. (N. S.) 553.

The general charge, taken as a whole, did not substantially prejudice appellant and, therefore, reversal of the judgment below can not be predicated on the ground of ambiguity in the charge.

The final issue is: Did the trial court, in its general charge, impose on appellant a greater burden of proof than is required by law on the issue of contributory negligence?

Where, as in the instant case, an inference of contributory negligence arises from the evidence adduced at trial, a planitiff is not required to rebut the inference by a preponderance of the evidence before recovery may be ob-

tained. Rather, a plaintiff need only meet such evidence with counter-balancing evidence to dispel the effect of the inference. *Tresise* v. *Ashdown* (1928), 118 Ohio St. 307, 160 N. E. 898; *Smith* v. *Lopa* (1931), 123 Ohio St. 213, 174 N. E. 735; *Maddex* v. *Columber* (1926), 114 Ohio St. 178, 151 N. E. 56. See, also, *Cleveland Ry. Co.* v. *Goldman* (1930), 122 Ohio St. 73, 170 N. E. 641.

On the issue of burden of proof, the court charged as follows:

"The burden of proof rests upon the plaintiff. He or she who asserts must prove.

"By that I mean in order to recover, the plaintiff is required to establish by a preponderance of the evidence each and every material allegation to the petition which is denied by the answer of the defendant. This means that plaintiff must prove defendant was negligent in one or more of the particulars set forth in the petition.

"Further, the plaintiff must establish that such negligence was the proximate cause of the injury and the extent thereof which plaintiff claims to have sustained.

"This she must establish by a preponderance of the evidence, which means the greater weight of the evidence, that which carries the greater probability of truth, that which is more convincing to your minds, or that which you more readily believe."

Focusing on the burden of proof with respect to the negligence issue, the court does not purport to deal with the burden of proof on the issue of contributory negligence. It seems clear that the burden of proof language, quoted above, can not be interpreted as applying to the issues of contributory negligence appearing later in the charge. Accordingly, the kind of prejudicial error found in the *Tresise, Smith, Maddex* and *Cleveland Ry. Co.* cases is absent from the case at bar.

No greater burden of proof than that required by law with respect to contributory negligence was placed upon appellant. What is present here is a total absence of any instruction on burden of proof with respect to contributory negligence. 1 Ohio Jury Instructions, Section 9.11 (Ohio

Judicial Conference 1967) suggests the following instruction to be given in this situation:

"* * * However, if you find that plaintiff's evidence gives rise to an inference that his own negligence proximately contributed to his (injury) (damage) then to maintain his cause you must find, considering all the evidence, that such inference is equalled or balanced. If you find that such inference, if any, was not equalled or balanced by all of the evidence, then the plaintiff is contributorily negligent and cannot recover. However, if plaintiff's evidence does not create an inference of his own negligence or, if it does, and it is balanced by evidence of equal weight, the burden of establishing that the plaintiff was negligent and that such negligence proximately caused his (injury) (damage) remains upon the defendant."

The question is, what is the legal effect of an omission of that kind of instruction?

At the conclusion of the general charge and after the trial court had inquired of appellant's counsel whether he had any suggestions, corrections or changes, the appellant's counsel replied that he had none. After the jury retired, in noting his exceptions appellant's counsel stated that the appellant excepted generally to the charge and particularly to the issue of contributory negligence.

Appellant's counsel not only did not offer any suggestions, corrections or changes, but when he excepted particularly to the inclusion of the issue of contributory negligence, he did not request the trial court to charge on the burden of proof required of the appellant in meeting the issue of contributory negligence which appellant's counsel now contends was an omission prejudicial to the appellant which requires a reversal.

Under these circumstances, appellant cannot obtain a reversal of the judgment below upon the basis of an omission in the general charge of the trial court.

This court, in the syllabus of *Rhoades* v. *Cleveland* (1952), 157 Ohio St. 107, 105 N. E. 2d 2, held that:

"Where claimed errors in the charge of the court are errors of omission and not errors of commission, unless

counsel has requested the court to supply the omissions, such errors of omission will not ordinarily justify a reversal." See *Wood* v. *General Electric Co.* (1953), 159 Ohio St. 273, 112 N. E. 2d 8; *Karr* v. *Sixt* (1946), 146 Ohio St. 527, 67 N. E. 2d 331; *Northwestern Ohio Natural Gas Co.* v. *First Congregational Church of Toledo* (1933), 126 Ohio St. 140, 184 N. E. 512.

Having been accorded the opportunity by the trial court to correct the omission, and having failed to offer such correction or even note specifically his objection to that portion of the charge, the appellant can not now rely on such omission as a basis for reversal of the judgment below.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., and HERBERT, J., dissent from the judgment because of the misconduct of counsel for appellee in making the statement in his closing argument that is described in the majority opinion.