OPINION
Defendants-appellants, Chris and Joanne Figge, appeal from a judgment of the Franklin County Court of Common Pleas awarding defendants $500,000 on the complaint of plaintiff-appellee, city of Columbus ("city"), to appropriate a fee simple interest in defendants' property at 3615 North High Street, in Columbus ("the property").On June 5, 1997, defendants executed a contract to purchase the property for $347,500. At the time, defendants were unaware of the city's interest in appropriating the property for an expansion of a city fire station. Indeed, defendants did not learn of the city's interest until the day before the purchase was scheduled to close, when a representative of the Fifth Third Bank advised defendants that the city intended to take the property by eminent domain. By that time, however, Chris Figge had contracted with an architect and a general contractor concerning substantial renovations to the property. Accordingly, defendants closed the purchase transaction on July 30, 1997.
On December 31, 1997, the city filed a complaint in eminent domain, and a jury ultimately was impaneled to assess "just compensation" to be paid defendants. See Section 10, ArticleI, Ohio Constitution. During the course of the trial, defendants' expert, Alex Nagy, testified that the fair market value of the property was approximately $685,000. Defendants also presented the expert testimony of Robert Weiler, who estimated the fair market value of the property to be $680,000. By contrast, the city's expert, Kim F. Koenig, testified the property's fair market value was $480,000. At the conclusion of the evidence, the jury heard the closing arguments of counsel, in which counsel for the city stated:
 The city tried to get that building before or around the same time that Mr. Figge did. He beat us to the punch. They went to the bank, tried to negotiate with them and throughout the process and then after — after Mr. Figge and after they had settled on a sale price, the city then offered them that amount of money. It was the same amount they paid for the building. (Tr. 4.)
The jury awarded defendants $500,000 in compensation for the property. Disappointed with the verdict, defendants filed a motion for a new trial, contending the jury had awarded inadequate compensation due to the reference in the city's closing argument to settlement negotiations between the parties. The court overruled the motion, concluding that the statement did not violate Evid.R. 408 and, in any event, was not prejudicial to defendants. Defendants appeal, assigning the following errors:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO INSTRUCT THE JURY TO DISREGARD STATEMENTS REGARDING SETTLEMENT NEGOTIATIONS BETWEEN THE PARTIES MADE BY APPELLEE'S COUNSEL DURING CLOSING ARGUMENTS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANTS' MOTION FOR NEW TRIAL.
Defendants' first assignment of error contends the trial court violated Evid.R. 408 in failing to instruct the jury to disregard statements in the city's closing argument that referenced settlement negotiations between the parties. Evid.R. 408 states:
 Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.
Contrary to defendants' contentions, Evid.R. 408 does not resolve the issue defendants raise in their first assignment of error. Evid.R. 408 is a rule designed to regulate the admission of evidence regarding settlement negotiations. Defendants do not contend that during the trial the city improperly presented evidence regarding settlement negotiations between the parties. To the contrary, defendants contend that in closing argument the city argued matters never presented in evidence: the price at which the city offered to purchase the property from defendants. Whether that type of evidence would have been admissible under Evid.R. 408 is not the issue. Rather, the issue initially is whether the city engaged in improper closing argument by arguing facts that were not in evidence.
In response, the city has pointed to various portions of the transcripts in an attempt to support its closing argument. The transcript, however, reveals the argument is unsupported by the evidence. Accordingly, defendants' contentions regarding the impropriety of the city's closing argument are well-taken.
Defendants, however, failed to object to the statement during closing argument. Ordinarily, to support reversal of judgment on the ground of misconduct of counsel and closing argument to a jury, a proper and timely objection must be made to the claimed improper remarks so that the court may take proper action. Snyder v. Stanford (1968), 15 Ohio St.2d 31, paragraph one of the syllabus. Having failed to object, defendants waived all but plain error. "Notice of plain error *** is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. Although the plain-error doctrine is applied almost exclusively in criminal cases, it has been applied to civil cases if the error "would have a material adverse affect [sic] on the character and public confidence in judicial proceedings." Schade v. Carnegie Body Co.
(1982), 70 Ohio St.2d 207, 210; see, also, Yungwirth v. McAvoy
(1972), 32 Ohio St.2d 285, 288. Here, the city's isolated reference in closing argument to negotiations between the city and defendants cannot meet the test of Long, much less Schade,
especially in view of the trial court's instruction that closing argument of counsel is not evidence.
Acknowledging that they failed to object, defendants nonetheless contend the trial court was required to intervene suasponte to admonish counsel and to take curative action to nullify the effects of the improper statement. Such a duty, however, arises only when counsel's gross and persistent conduct or statements have a prejudicial affect. Snyder, supra.
Contrary to defendants' contentions, counsel's statements, although erroneous, are neither so gross nor abusive as to require the trial court to sua sponte intervene: the challenged conduct consists of one isolated comment. See Snyder,supra. While defendants rely on Verbanic v. Verbanic (1994),70 Ohio St.3d 41, that case, unlike the present, involved a pattern of egregious remarks. In response, the Ohio Supreme Court held that a judge owes the duty to both sides to control the proceedings in a dignified and legal manner. Here, defendants point to no pattern of egregious conduct but rather to one instance where defense counsel argued a fact not in evidence. Similarly, although defendants also rely on Stephen's Jewelry v.Admiral Ins. Co. (1989), 63 Ohio App.3d 213, and Tsitouris v.Wilson (Mar. 20, 1986), Franklin App. No. 85AP-456, unreported, in both instances the courts found improper comments by counsel coupled with grossly improper closing argument that required suasponte intervention under the rule of Snyder. By contrast, the single comment of the city's counsel does not rise to the level of conduct requiring the trial court's intervention in the absence of objection.
In the final analysis, because the improper conduct at issue is limited to a single statement, and the statement itself is not egregious, the trial court here was not required to suasponte intervene. See State v. Napier (Dec. 30, 1999), Hamilton App. No. C-980999, unreported; Sargent v. Van Rees (Dec. 13, 1995), Mahoning App. No. 93 C.A. 171, unreported (finding that two instances of improper statements in closing arguments, although inappropriate, were not grossly abusive). Defendants' first assignment of error is overruled.
Defendants' second assignment of error contends the trial court erred in overruling defendants' motion for a new trial. More particularly, pursuant to Civ.R. 59(A)(1), defendants contend the city's improper remarks during closing argument deprived defendants of a fair trial due to an irregularity in the proceedings.
The trial court has the discretion to deny or grant a motion for new trial. Hurley v. West American Ins. (May 7, 1987), Franklin App. No. 86AP-345, unreported. Absent an abuse of discretion, an appellate court will not disturb that judgment. Id.
Abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude of the court in ruling on the motion. Id.
The city suggests that in assessing defendants' second assignment of error we apply the test set forth in Fensel v.Regional Transit Auth. (Oct. 11, 1979), Cuyahoga App. No. 39395, unreported. In that case, the appellant argued that because she was prejudiced by the remarks made in appellee's opening statement to the jury concerning settlement negotiations, she was entitled to a new trial. In order for the appellant to prevail there, the court determined she would have to demonstrate (1) appellee's statements were objectionable, (2) appellant entered a timely objection and requested a curative instruction at the time when any damage done could be rectified, and (3) she was prejudiced by the improper remarks.
Here, although the city's statement in closing argument was improper and objectionable, defendant failed to timely object or to request a curative instruction which could have rectified the problem. Moreover, the degree to which defendants were prejudiced by the statement is debatable. While the jury failed to award all that the testimony of defendants' experts would have supported, the jury awarded more than defendants' purchase price or the value proffered by the city's expert.
Even apart from Fensel, however, the trial court did not abuse its discretion in overruling defendants' motion for a new trial. The record fails to demonstrate prejudice to the point of depriving defendants of a fair trial. While the city's closing argument suggested defendants could have sold the property to the city for the same price they paid, defendants recovered considerably more than the purchase price from the jury. Moreover, although defendants testified they had improved the property after they purchased it, the value of those improvements varied among the experts who, in any event, considered the value of the improvements in arriving at fair market value estimates. Given the various fair market valuations placed on the property, the jury's verdict is not so out of line as to suggest defendants were deprived of a fair trial. See Dawson v. MetroHealth Ctr. (1995),104 Ohio App.3d 654; Harris v. Mt. Sinai Med. Ctr. (May 28, 1998), Cuyahoga App. No. 72668, unreported. Accordingly, defendants' second assignment of error is overruled.
Having overruled both of defendants assigned errors, we affirm the judgment of the trial court.
 _______________________ BRYANT, J.
BROWN and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.