OPINION
Appellant, Martin V. Gladding, appeals his conviction in the Lake County Court of Common Pleas for receiving stolen property, in violation of R.C. 2913.51, a fourth degree felony. The following facts are relevant to a determination of this appeal.
In early January 1998, appellant's brother, Donald Gladding, was living in Florida with a prostitute named Bobbi Jo Peffers. In exchange for her services to a client, she received the use of a 1998 Ford Expedition for one week, which had been rented from a car rental agency, Flocar/American Rental System of Orlando, Florida. Pursuant to the terms of the rental agreement, the Expedition was due to be returned on January 11, 1998. It is undisputed that Donald Gladding knew that the Expedition was a rental as he possessed a copy of the rental agreement.
Donald Gladding and Bobbi Jo Peffers decided to take the Expedition on a trip to Maine to visit her relatives. On the way, they detoured to Painesville, Ohio to visit Donald's brother, appellant in this matter. They arrived at appellant's house on January 3, 1998. Donald explained to appellant that the Expedition was a rental, and gave him the copy of the rental agreement to keep in a safe place. Appellant claimed that he put the rental agreement in a cupboard without examining it first.
Over the course of the next few weeks, Donald Gladding and his girlfriend made three trips to Maine in the Expedition. However, they always returned to Ohio and stayed with appellant. While the Expedition was in Ohio, appellant alleges that he never drove the vehicle but admitted to riding in it as a passenger. A neighbor, however, recalled seeing appellant back the vehicle up to his house on one occasion to unload furniture. The only fingerprints lifted from the vehicle matching those of appellant came from the rear passenger door of the vehicle. Additionally, at some point in January, Donald Gladding replaced the Florida license plates on the Expedition with expired Ohio plates he found in a shed on appellant's property. These plates were removed from a 1981 Chevrolet that appellant's wife had recently purchased, and they were registered to the prior owner of the Chevrolet.
On February 1, 1998, the Lake County Sheriff's Department received a tip from a confidential informant that a stolen 1998 Ford Expedition was parked in appellant's driveway. Sergeant Keith King of the Lake County Sheriff's Department confronted appellant on that date and inquired about the improper license plates. Appellant acknowledged that the plates were from the 1981 Chevrolet but he claimed that he had discarded those plates and that someone must have removed them from the trash and placed them on the Expedition. Appellant further denied knowing who owned the vehicle. Sgt. King then opened the vehicle and discovered several items that linked appellant and his brother to the vehicle. At that point, appellant retrieved the copy of the rental agreement and turned it over to the deputy.
On November 13, 1998, appellant was indicted by the Lake County Grand Jury on one count of receiving stolen property, in violation of R.C.2913.51. Appellant entered a plea of not guilty and the matter proceeded to a jury trial commencing March 29, 1999. After the close of the state's case-in-chief, appellant filed a motion for acquittal pursuant to Crim.R. 29. The trial court overruled his motion. Appellant renewed his motion at the close of trial but it was once again overruled. Appellant was found guilty of receiving stolen property, a fourth degree felony, and sentenced to serve twelve months at the Lorain Correctional Institution. On August 6, 1999, the trial court granted appellant's motion for judicial release, and appellant was given three years of community control with conditions.
Appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred to the prejudice of the defendant-appellant when it misread a proposed jury instruction and omitted portions of the instruction which defined a key element of the offense.
 "2. The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim.R. 29.
 "3. The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
In the first assignment of error, appellant contends that the trial court erred when it misread a proposed jury instruction and omitted portions of the instruction which defined a key element of the offense. Appellant claims that it was error not to use the precise jury instruction that he had proposed to the court regarding the definition of "receive" as in the charge of "receiving" stolen property.
Pursuant to R.C. 2945.11, a trial court has the obligation to instruct the jury on all matters of law relevant and necessary to reach a verdict. Additionally, it is well established that a single sentence should not be taken in isolation but, rather, the jury instructions should be examined as a whole. Snyder v. Stanford (1968),15 Ohio St.2d 31, paragraph three of the syllabus, citing State v.Porter (1968), 14 Ohio St.2d 10, 13.
In the instant cause, appellant was charged with receiving stolen property, in violation of R.C. 2913.51 which states:
 "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
The instruction requested by appellant stated:
 "To `receive' stolen property means acquisition of control in the sense of physical dominion or apparent legal power to dispose of property and envisages possession or control as an essential element."
Instead of using this instruction word for word, the trial court instructed the jury as follows:
 "* * * [T]o receive stolen property means to acquire possession or control the property in a sense of physical dominion."
 The trial court omitted the remainder of the requested jury instruction because those portions were not relevant to the facts in this case. Specifically, the portion of the requested instruction concerning "apparent legal power" did not apply because there was no evidence presented that appellant exercised apparent legal power to dispose of the Expedition. We agree. Additionally, it is clear that appellant actually benefited from the trial court's decision to leave out of the jury instruction the clause "or apparent legal power to dispose of property." This portion of the proposed jury instruction was phrased in the disjunctive. Hence, it represented an alternate theory to convict appellant. Its absence merely provided the jury with one less way to find appellant guilty.
Regarding the language "envisages possession or control," the trial court stated that this portion was redundant as the "possession or control" element is already addressed in the first part of the instruction. Once again, we agree. The failure to include the last portion of the requested instruction simply did not change the gist of the overall instruction. Thus, the trial court did not err by giving the jury a slightly different instruction on "receiving" than the one proposed by appellant. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant contends that the trial court erred by denying his motion for acquittal made pursuant to Crim.R. 29. Specifically, appellant submits that the state failed to prove that he "received" stolen property, or knew or had reasonable cause to believe that the property was stolen.
The Supreme Court of Ohio established the test for determining whether a motion for acquittal is properly denied. In State v. Bridgeman
(1978), 55 Ohio St.2d 261, the court held:
 "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." Id. at syllabus.
In State v. March (July 16, 1999), Lake App. No. 98-L-065, unreported, this court explained the appellate court's role in reviewing a challenge to the denial of a Crim.R. 29 motion. We stated:
 "Thus, when an appellant makes a Crim.R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state. Hence, a reviewing court must look to the evidence presented to the jury to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt. See State v. York (May 1, 1998), Lake App. No. 97-L-037, unreported, at 7. The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Furthermore, the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis (1997), 79 Ohio St.3d 421, 430-431." Id. at 7.
Applying this standard to the present case, the state was required to present sufficient evidence that appellant received stolen property, and that he knew or had reasonable cause to believe that the property was stolen. We conclude that a rational trier of fact could have found that appellant committed the offense beyond a reasonable doubt.
At trial, both appellant and his brother, Donald, testified for the defense. The state presented the testimony of the neighbor who claimed she saw appellant driving the vehicle, and Sgt. King. The evidence established the following. It was undisputed that the Expedition was parked in appellant's driveway, sporadically, over a period of approximately four weeks. During that time period, appellant had in his possession a copy of the rental agreement which clearly indicated that the rented vehicle, which was not rented to appellant's brother, was due back in Florida on January 11, 1998. It is also undisputed that fictitious license plates were put on the Expedition during this time frame, and that the plates came from an automobile purchased by appellant's wife. Additionally, receipts with appellant's name on them were found in the Expedition, yet appellant initially denied having any knowledge of the sport utility vehicle. The state also presented evidence that, at least on one occasion, appellant was seen driving the vehicle.
Taken together, these facts were more than sufficient to convict appellant on a receiving stolen property charge. Pursuant to R.C. 2913.51, it was not necessary to prove that appellant conclusively knew that the Expedition was stolen only that there was reasonable cause for him to believe that it was stolen. Appellant was driving a new $30,000 vehicle with fictitious plates, and denying any knowledge or involvement with the vehicle when questioned by police. He had in his possession a document which certainly should have alerted him to the possibility, if not the probability, that neither he nor his brother had any legal right to drive or possess the vehicle in question. Under these circumstances, we must conclude that reasonable minds could well have arrived at the conclusion reached by the jury.
Based upon the foregoing analysis, the trial court did not err by denying appellant's motion for acquittal made pursuant to Crim.R. 29. Appellant's second assignment of error is without merit.
In the third assignment of error, appellant asserts that his conviction was against the manifest weight of the evidence. A judgment of the trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175. See, also, State v. Thompkins (1997),78 Ohio St.3d 380, 387. In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 11, we held:
 "`[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) [t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' * * *." (Citations omitted and emphasis sic.)
 Thus, an appellate court sits as a "thirteenth juror" when reviewing a manifest weight challenge. State v. Salinas (1997), 124 Ohio App.3d 379, 391.
When this case is reviewed under the foregoing standard, it is clear that appellant's conviction was not against the manifest weight of the evidence. Once again, it is undisputed that appellant had possession of the rental agreement, which indicated that the Expedition had not been rented to his brother nor the brother's girlfriend, and that it should have been returned in Florida on January 11, 1998. Additionally, fictitious license plates that appellant allegedly disposed of ended up on the Expedition. It was undisputed that appellant not only rode in the Expedition, but there was evidence that he had driven it as well. He then tried to cover-up and/or deny any involvement with the vehicle. That strikes us as evidence of guilt on the part of appellant. If he actually believed that the vehicle was not stolen, then why did he lie to the police? Why not just state that the vehicle was a rental or that it belonged to his brother?
Based upon the foregoing, we cannot conclude that the jury clearly lost its way and created a manifest miscarriage of justice. Instead, we agree with the conclusion reached by the jury. Hence, appellant's conviction was not against the manifest weight of the evidence. Appellant's third assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ___________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., CHRISTLEY, J., concur.