JOURNAL ENTRY AND OPINION
Defendant Mr. Watts appeals from the judgment of the trial court finding him in contempt of court and ordering him to refrain from writing bonds or acting as a surety in the Justice Center for a period of 30 days each time. For the reasons set forth below, we affirm the judgment of the trial court.
On June 28, 1999, Judge Richard McMonagle, Presiding/Administrative Judge of the Cuyahoga County Common Pleas Court, and Judge Larry A. Jones, Administrative Judge of the Cleveland Municipal Court, issued the following standing order prohibiting Bail Bond personnel from soliciting any business within the Justice Center:
 Because of an ongoing course of conduct by Bail Bond personnel and the public, which has created an atmosphere of violence, hostility and tension, all Bail Bond personnel are ordered to immediately cease and desist from soliciting any business within the Justice Center Complex.
 The Bail Bond personnel will only be permitted on the premises to post bonds. All solicitation of bonds may be conducted only outside the Justice Center Complex.
This case arose out of the Cuyahoga County Court of Common Pleas' efforts to enforce the above standing order. This action came to us following two show cause orders for alleged violations of the order. The first show cause order was issued on September 5, 2000 against Mr. Watts and Mr. Donnell Mitchell, a competing bondsman, for events that occurred on August 30 and September 1, 2000. Both bondsmen were held in contempt of the standing order after a hearing on September 30, 2000 and both were restricted from writing bonds or acting as a surety for a period of 30 days. In November 2000, another show cause order was issued, and again both bondsmen were held in contempt of the order. It is from these events that the Mr. Watts and Mr. Mitchell appeal and assert three assignments of error for our review.
 I. THE EVIDENCE PRESENTED AT HEARING WAS INSUFFICIENT TO FIND THAT APPELLANT HAD VIOLATED THE LOWER COURT'S STANDING ORDER.
Where a criminal defendant has been convicted of a misdemeanor and has voluntarily satisfied his or her judgment for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights. State v. Golston
(1994), 71 Ohio St.3d 224, citing State v. Wilson (1975),41 Ohio St.2d 236, 325 N.E.2d 236 and State v. Berndt (1987),29 Ohio St.3d 3, 504 N.E.2d 712.
In this case, Mr. Watts had been held in contempt of court on three separate occasions for violating the standing order.[1] Pursuant to R.C. 2901.02, an offense is a misdemeanor if not more than one-year imprisonment may be imposed as a penalty. Under R.C. 2705.05(A)(3) the maximum sentence for a third offense of criminal contempt is a ninety-day imprisonment term and a one thousand dollar fine. Mr. Watts' contempt charges, therefore were misdemeanors. In each case, Mr. Watts was sentenced to refrain from writing bonds for 30 days. Mr. Watts had completed his sentences for the contempt charges nearly one year prior to the filing of this appeal. Additionally, Mr. Watts failed to present any evidence from which an inference could be drawn that he would suffer some collateral legal disability or loss of civil rights. Reviewing these facts in light of Golston, we find that appeal on this ground is moot. As such, this assignment of error is overruled.
We address together Mr. Watts' second and third assignments of error challenging the constitutionality of the standing order.
II. III.
 THE STANDING ORDER IS CONSTITUTIONALLY FATALLY IMPAIRED BECAUSE IT IS IMPERMISSIBLY OVERBROAD.
 THE STANDING ORDER IS CONSTITUTIONALLY FATALLY IMPAIRED BECAUSE IT IS IMPERMISSIBLY VAGUE.
Mr. Watts's second and third assignments do not allege error on the part of the trial court, rather, they state that the standing order is unconstitutional. Pursuant to App.R. 16(A)(3), the appellant's brief must contain "a statement of assignments of error presented for review with reference to the place in the record where each error is reflected." Mr. Watts' does not allege that the trial court had the opportunity to consider the constitutionality arguments raised on appeal and subsequently erred in rendering its judgment.
The Supreme Court of Ohio has long recognized that failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal. Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, citing: Gallagher v. Cleveland BrownsFootball Co. (1996), 74 Ohio St.3d 427, 436-437; Buchman v. Wayne TraceLocal School Dist. Bd. Of Edn. (1995), 73 Ohio St.3d 260, 271,652 N.E.2d 952, 961; Villella v. Waikem Motors, Inc. (1989),45 Ohio St.3d 36, 40, 543 N.E.2d 464, 468-469; State v. Awan (1986),22 Ohio St.3d 120, 22 Ohio B. Rep. 199, 489 N.E.2d 277; Snyder v.Stanford (1968), 15 Ohio St.2d 31, 38, 44 Ohio Op.2d 18, 22, 238 N.E.2d 569.
The record does not indicate that Mr. Watts properly objected to the constitutionality of the standing order. In his closing arguments, the attorney for Mr. Watts stated, "This Court has before heard my arguments for his constitutional rights relating to this order so I need not repeat them. I'll just refer to them. I think that this order does violate his constitutional rights* * *." (Tr. 95) Mr. Watts' counsel did not state specifically the matter objected to or the grounds of the objection. There is no indication that the trial court had an opportunity to consider the alleged overbreadth and vagueness of the standing order. As such, Mr. Watts has waived his rights to raise the issue of the constitutionality of the standing order based on vagueness and overbreadth on appeal.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P. J., AND ANNE L. KILBANE, J., CONCUR.
[1] Mr. Watts was held in contempt following a September 2000 hearing. The hearing in November 2000 finding Mr. Watts in contempt was a result of incidents on October 24, 2000 and November 3, 2000.