**WALLER, Appellant,**

v.

**AGGARWAL, Appellee.**

[Cite as *Waller v. Aggarwal* (1996), 116 Ohio App.3d 355.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 95–T–5362.

Decided Dec. 2, 1996.

*Michael D. Joseph*, for appellant.

*John A. Simon* and *S. Peter Voudouris*, for appellee.

NADER, Judge.

This is an appeal from a judgment entered in the Trumbull County Court of Common Pleas, upon a jury verdict in favor of appellee, Ashok K. Aggarwal, M.D., on a claim of medical malpractice.

On May 4, 1994, appellant, Melanie Waller, filed a complaint against appellee alleging that appellee negligently performed laparoscopic surgery on her on December 9, 1992. Appellant alleged that due to appellee's negligence, her bladder was perforated twice. On May 25, 1994, appellee filed an answer denying the allegations of negligence. The answer also included several defenses, labeled "affirmative defenses." Among these was the following: "The Plaintiff was fully apprised of the risks, hazards, and complications associated with the surgery in question, and knowingly and voluntarily gave her informed consent thereto."

A jury trial on the matter commenced on October 25, 1995, and concluded on October 27, 1995. After deliberation, the jury returned a verdict in favor of appellee on October 27, 1995. On the same date, the trial court entered judgment on the verdict. Appellant timely appealed, asserting the following as error:

"The trial court improperly permitted the defendant to employ 'an affirmative defense of informed consent' against plaintiff's claim of negligence. The trial court improperly instructed the jury and improperly gave a jury interrogatory regarding the affirmative defense of informed consent."

Pursuant to appellant's sole assignment of error, it is argued that the trial court erred in several instances with respect to the issue of informed consent. Specifically, appellant identifies eight instances in which she alleges that the trial court erroneously allowed or made reference to the issue of informed consent.

As held in *Stores Realty Co. v. Cleveland Bd. of Bldg. Standards & Bldg. Appeals* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630:

"Ordinarily, errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal. *Snyder v. Stanford* (1968), 15 Ohio St.2d 31, 238 N.E.2d 563; *Oney v. Needham* (1966), 6 Ohio St.2d 154, 216 N.E.2d 625."

In the instant case, appellant contends that the trial court erred in mentioning informed consent to the prospective jurors prior to voire dire, that the trial court erred in allowing appellee to discuss informed consent during the opening statements, to question appellant about informed consent upon his cross-examination of appellant, to elicit information regarding informed consent from appellee upon direct examination of appellee, and to discuss informed consent during closing arguments. However, our review of the records indicates that appellant failed to object to any of these alleged errors. Appellee contends that appellant has waived these errors, and may not argue them upon appeal.

However, in *Le Fort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 124, 512 N.E.2d 640, 643, the court stated:

"The plain error doctrine provides for the correction of errors clearly apparent on their face and prejudicial to the complaining party even though the complaining party failed to object to the error at trial. *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 223, 18 OBR 281, 284, 480 N.E.2d 802, 805; *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209, 24 O.O.3d 316, 317, 436 N.E.2d 1001, 1003. The plain error doctrine may be utilized in civil cases only with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.* (1985), 18 Ohio St.3d 268, 275, 18 OBR 322, 327–328, 480 N.E.2d 794, 800."

■ In the instant case, the trial court referred to the "affirmative defense" of informed consent from voir dire through the close of the trial. We can find no law which states that informed consent constitutes an affirmative defense. It is therefore clear that such reference by the trial court was error.

■ Furthermore, appellant was substantially prejudiced by the references to informed consent. As appellant correctly contends, the action brought against appellee sounded in negligence. It did not sound in battery for a nonconsensual procedure. Nor did appellant allege that she was not fully apprised of the risks of the procedure. Instead, appellant alleged that appellee negligently performed the procedure. The fact that appellee informed appellant that injury to the bladder was a possible risk of the procedure could not be a defense to the claim of negligence brought by appellant. Thus, the admission of evidence pertaining to

that issue and references to that issue carried great potential for the confusion of the jury.

As a result, we hold that the references to informed consent made during the trial constituted plain error, as they were both apparent on their face and prejudicial.

■ Moreover, appellant did properly object to two of the errors alleged upon appeal. Those objections were to the introduction of the consent form to the jury and the submission of an interrogatory asking whether the consent form "was a valid waiver of the rights of [appellant]." As we previously stated, the issue of informed consent was not relevant to appellant's claim of negligence. Appellee contends that such evidence was relevant to demonstrate that bladder injuries may occur during laparoscopic procedures in the absence of negligence. However, this theory could easily be demonstrated without confusion through the testimony of an expert, rather than through the introduction of the consent form.

■ With regard to the jury interrogatory, it is clear that the language employed demonstrates the confusion of the issues. The fact that appellant consented to the procedure and was informed of its risks did not result in a "waiver of her rights." It did not grant consent for the procedure to be performed negligently, and it did not waive appellant's right to recourse in the event the procedure was performed negligently. Thus, interrogatory number five was clearly erroneous.

■ Appellee contends that this interrogatory was not prejudicial because the jury found, in the first interrogatory, that appellee was not negligent, and therefore never reached a determination on the fifth interrogatory. However, the jury had all of the interrogatories in its possession during deliberations. We cannot say with certainty that interrogatory number five was not considered. As a result, we cannot hold that it was not prejudicial.

Appellant's assignment of error is well taken.

In accordance with the foregoing, the jury verdict is hereby vacated, the judgment of the trial court entered upon the verdict is reversed, and the case is remanded for further proceedings that are consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and EDWARD J. MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth District Court of Appeals, sitting by assignment.