As the majority establishes in its opinion, R.C. 1343.03, which sets forth a rate of 10 percent per annum for post-judgment interest, is applicable to the division of marital property. Woloch v. Foster (1994),98 Ohio App.3d 806, 812; Brannon v. Brannon (June 27, 1997), Trumbull App. No. 96-T-5572, unreported, at 9, 1997 WL 401537. In my view, the trial court's decision to award post-judgment interest of 52.38 percent in a proceeding involving the division of marital property is contrary to both R.C. 1343.03 and the precedent established by this court inBrannon. Although appellee has failed to raise the applicability of R.C. 1343.03 in this matter, the trial court's decision is subject to review under the plain error doctrine.
"`The plain error doctrine provides for the correction of errors clearly apparent on their face and prejudicial to the complaining party even though the complaining party failed to object at trial.'" Wallerv. Aggarwal (1996), 116 Ohio App.3d 355, 357, quoting Le Fort v. Century21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 124. The doctrine may be utilized in civil cases to prevent a manifest miscarriage of justice.Waller, 116 Ohio App.3d at 357, citing Cleveland Elec. Illum. Co. v.Astorhurst Land Co. (1985), 18 Ohio St.3d 268, 275. In this writer's opinion, because there is no legal authority to support an award of post-judgment interest at a rate of 52.38 percent per annum, the trial court's decision is a manifest miscarriage of justice constituting plain error.